IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

      vs.                   Case No. 07-1316-JTM

APPROXIMATELY TWENTY MEXICAN
GOLD COINS, et al.,

        Defendants.

MEMORANDUM AND ORDER

Presently before the court is the United States' uncontested motion to strike claim of Thomas Waterhouse for failure to comply with Rule G(5), and for lack of standing as a general unsecured creditor (Dkt. No. 18).  For the following reasons, the court grants the motion.

On October 10, 2007, the United States brought an *in rem* forfeiture action against the named defendant's assets, which it alleges constitutes property involved in money laundering or proceeds from fraud.  On March 31, 2008, Thomas Waterhouse filed a claim asserting an interest in the defendant properties for himself, Jack Anderson, Charles Baker, and Baker Associates (Dkt. No. 11).  Jack Anderson, Charles Baker, and Baker Associates did not file claims themselves, and Waterhouse's claim fails to explain his authority to assert those claims.  Further, Waterhouse's claim was not signed under penalty of perjury.

The government raises several valid arguments that warrant dismissal of the Waterhouse Claim.  First, Waterhouse failed to properly sign the claim.  Rule G(5)(a)(i)(C); *see also United*

*States v. $13,970.00*, No. 06-386, 2007 WL 1231659, at *2-3 (M.D. Ga. Apr. 26, 2007)(noting

that statutory standing is a threshold issue, and that a claimant who fails to comply with Rule G(5)

lacks standing).  Second, Waterhouse asserts the claim of another without properly identifying

himself as a bailor or stating his authority to do so.  In fact, Waterhouse fails to explain or support

a bailment and further fails to indicate that any authority has been given to him by those named.

Rule G(5)(a)(iii).  Third, Waterhouse failed to serve and file an answer to the complaint within 20

days of filing a claim, as required by statute.  Rule G(5)(b); *United States v. $48,000*, No. 06-

10952, 2007 WL 1467158, at *2 (E.D. La May 18, 2007).  Fourth, Waterhouse has failed to assert

any specific direct ownership interest in the *in rem* properties.  Even if Waterhouse was a general

unsecured creditor, he would lack standing to contest a civil *in rem* forfeiture.  *See, e.g., United

States v. One-Sixth Share*, 326 F.3d 36, 44 (1st Cir. 2003) (holding that a person with an *in

personam* judgment against a property owner has no secured interest in any particular asset and

lacks standing to contest the forfeiture of specific property).  Because of each of the government's

articulated reasons stated above, Waterhouse's claim must fail.

Finally, the court notes that Waterhouse failed to respond to the government's motion.

Under D. Kan. Rule 7.4, if a respondent fails to file a response within the time required by Rule

6.1(d), the motion will be considered and decided as an uncontested motion, and ordinarily will be

granted without further notice.  For this reason and for the reasons discussed above, the court

grants the government's motion.

IT IS ACCORDINGLY ORDERED this 26th day of June, 2009, that United States'

uncontested motion to strike claim of Thomas Waterhouse for failure to comply with Rule G(5)

and for lack of standing as a general unsecured creditor (Dkt. No. 18) is granted.


s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE